UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMY POMEROY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UTAH STATE BAR, et al.,<br><br>　　　　Defendants. | **ORDER AND MEMORANDUM DECISION DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**<br><br>Case No. 2:21-CV-00219-TC-JCB<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

After the court dismissed some of the claims in Plaintiff Amy Pomeroy's Complaint, ECF No. 2, the remaining Defendants[1] moved to certify the court's memorandum decision and order for interlocutory appeal, ECF No. 105. For the following reasons, the court DENIES the Defendants' motion.

## BACKGROUND

In its Order and Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss (the Order), ECF No. 94, the court found Ms. Pomeroy had adequately pleaded two causes of action against the Utah State Bar President, President-Elect, and Commissioners (Defendants) in their official capacities: violation of the First and Fourteenth Amendments arising from (1) compelled membership in the Utah State Bar and (2) failure to

---

[1] Elizabeth Wright (Executive Director of the Utah State Bar), Heather Thuet (President), Kristin Woods (President-Elect), Marty Moore (1st Division Commissioner), John W. Bradley (2nd Division Commissioner), Chrystal Mancuso-Smith (3rd Division Commissioner), Michelle Quist (3rd Division Commissioner), Mark Morris (3rd Division Commissioner), Traci Gundersen (3rd Division Commissioner), Andrew Morse (3rd Division Commissioner), Gregory N. Hoole (3rd Division Commissioner), Tyler S. Young (4th Division Commissioner), Rick Hoffman (Public Member Commissioner), and Shawn Newell (Public Member Commissioner).

1

provide procedural safeguards to ensure mandatory dues are not used for impermissible purposes.[2]

The court explained that under <u>Keller v. State Bar of California</u>, conditioning the right to practice law on membership in a state bar association does not violate the First Amendment rights of free speech or association where the state bar uses mandatory bar dues to fund "germane" activities: that is, those activities pertaining to "regulating the legal profession" or "improving the quality of the legal service available to the people of the State." ECF No. 94 at 10 (citing <u>Keller v. State Bar of California</u>, 496 U.S. 1, 14 (1990)). The court accordingly evaluated whether Ms. Pomeroy had alleged the Defendants had conditioned the practice of law on membership in an organization that conducted non-germane activities using mandatory dues. In applying this standard, the court also relied on <u>Schell v. Chief Justice and Justices of Oklahoma Supreme Court</u>, a recent Tenth Circuit case which held that a district court had erred in dismissing a freedom of association claim brought by an attorney who alleged that the Oklahoma Bar Association used mandatory member dues to "publish political and ideological speech in its *Oklahoma Bar Journal* publication." 11 F.4th 1178, 1183, 1194 (10th Cir. 2021). In <u>Schell</u> the Tenth Circuit explained that based on the attorney's allegations, and without the articles in the record, the attorney had plausibly alleged "the articles strayed from the germane purposes of the [Oklahoma Bar Association] and discussed matters in an ideological manner." <u>Id.</u> at 1194.

The court noted Ms. Pomeroy had alleged two categories of potentially non-germane activities: lobbying activities and articles published in the *Utah Bar Journal*. ECF No. 94 at 10–

---

[2] Both causes of action are brought under 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. § 2201, 2202. The court dismissed Ms. Pomeroy's claims based on the same statutes for the collection of mandatory bar dues and compelled membership in the Utah Bar Foundation. <u>See</u> ECF No. 94 at 13–14, 16. The court also dismissed all claims as brought against the Utah State Bar. <u>See id.</u> at 5–7.

11.  Viewing the allegations in the light most favorable to Ms. Pomeroy, the court concluded that she had plausibly alleged both categories of activity were not germane to the Utah State Bar's purpose.  Accordingly, Ms. Pomeroy had adequately alleged a freedom of association claim based on those two theories.  The court also found that Ms. Pomeroy had adequately pleaded that the Defendants failed to provide adequate procedural safeguards to refund those allegedly non-germane activities.

In making this determination, the court recognized that the Defendants' Motion to Dismiss relied on a recent Fifth Circuit decision, McDonald v. Longley.  ECF No. 94 at 13 n.9 (citing McDonald v. Longley, 4 F.4th 229 (5th Cir. 2021)).  The court noted that McDonald arose in a different procedural posture (summary judgment) and did not feature an in-depth discussion of the potential germaneness of bar journal articles as Schell had. Consequently, the court went on to explain, it found the case less persuasive for purposes of adjudicating the motion to dismiss.[3]

Defendants now seek a certificate of immediate appealability. They argue that the court's Order "mistakenly interpreted Tenth Circuit precedent contrary to longstanding First Amendment principles concerning speech in a forum," and that the court "rejected the Fifth Circuit's formulation of the germaneness test" in finding that Ms. Pomeroy has sufficiently alleged certain activities were not germane.  ECF No. 105 at 3.

---

[3] In their Motion to Dismiss, Defendants also argued the *Utah Bar Journal* was nonpublic forum under Barnard v. Chamberlain.  ECF No. 68 at 24 (citing Barnard v. Chamberlain, 897 F.2d 1059, 1065–66 (10th Cir. 1990)).  Defendants argued under Supreme Court precedent, "the actor who creates and facilitates the forum is attributed speech if it 'determines the content' of the speech in the forum."  Id. at 24–25 (citing Rosenberger v. Rector & Visitors of the Univ. of Va., 515 U.S. 819, 833 (1995)).  The court concluded that based on allegations that the Utah State Bar funded the *Utah Bar Journal*, and published statements of the Utah State Bar President in the journal—including allegedly non-germane statements—that Ms. Pomeroy had sufficiently alleged the Defendants "determine[d] the content" of the *Utah Bar Journal*.

3

**LEGAL STANDARDS**

Most district court orders are interlocutory and as a result not immediately appealable. But a court can certify an order as appealable when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even if the order was initially silent about appealability, the court can later certify its order by amending it. Fed. R. App. P. 5(a). The court of appeals ultimately decides whether to permit the appeal. Id.

First, a controlling question of law is "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." Ahrenholz v. Bd. of Trustees of Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000). Such a question is "controlling" if "reversal of the district court's order would terminate the action." Century Pac., Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008) (citing Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990)). Second, substantial ground for difference of opinion exists

> if a trial court rules in a manner which appears contrary to the rulings of all courts of appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

XTO Energy, Inc. v. ATD, LLC, 189 F. Supp. 3d 1174, 1194 (D.N.M. 2016) (citing 2 Fed. Proc., L. Ed. § 3:218 (footnotes omitted)). Additionally, the "contention that one precedent rather than another should apply does not merit interlocutory appeal." Id. (citations omitted). Third, for an immediate appeal to materially advance the ultimate termination of the litigation, it must "(1) eliminate the need for trial, (2) eliminate complex issues so as to simply the trial, or (3) eliminate

4

issues to make discovery easier and less costly." Id. at 1195 (quoting Coates v. Brazoria Cnty., 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013)).

Even if all three § 1292(b) elements are met, the court still has discretion to deny certification. In re Roman Cath. Diocese of Albany, N.Y., Inc., 745 F.3d 30, 36 (2d Cir. 2014). Indeed, § 1292(b) "is meant to be used sparingly and interlocutory appeals under this section are rare." United States v. Corps. for Character, L.C., No. 2:11-CV-419-RJS, 2015 WL 12780592, at *1 (D. Utah July 1, 2015) (citation omitted); see also State of Utah by and Through Utah Dep't of Health v. Kennecott Corp., 14 F.3d 1489, 1495 (10th Cir. 1994) (citing Note, *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b)*, 88 HARV. L. REV. 607, 609–11 (1975) (observing avoidance of wasted trial court time is "sole policy" of § 1292(b))).

## **ANALYSIS**

Defendants argue all three requirements for the certification of interlocutory review are satisfied: they argue that the Order involves two controlling questions of law, that there is a substantial ground for difference of opinion on each question, and that an immediate appeal from the Order would materially advance the termination of the litigation. They begin by arguing that the Order involves two controlling legal questions: "(1) whether statements published in the *Utah Bar Journal* are attributable to the Utah State Bar and (2) whether Pomeroy has alleged any nongermane conduct under the test for germaneness." ECF No. 105 at 5.

As to the second question, the court agrees with Defendants. Whether Ms. Pomeroy has alleged any non-germane conduct under the test for germaneness is a controlling question of law. If Ms. Pomeroy failed to allege any non-germane activities on the part of the Defendants, the remainder of the Complaint would have been dismissed and the litigation terminated. But the court disagrees with Defendants on the first question. Whether statements published in the *Utah*

5

*Bar Journal* are attributable to the Utah State Bar is not a controlling question of law at this stage. Ms. Pomeroy's Complaint contains two theories of non-germaneness: that statements made in the *Utah Bar Journal* were allegedly non-germane and that the Defendants participated in allegedly non-germane lobbying activities. ECF No. 2. The court's Order found both theories were adequately pleaded. Accordingly, a determination from the Tenth Circuit that statements published in the *Utah Bar Journal* are not attributable to the bar association would not terminate the action, because the lobbying activities theory would remain.[4] Accordingly, the court only considers Defendants' Motion to the extent it is based on the germaneness issue.

As to the second element, Defendants have failed to show that the question of whether Ms. Pomeroy has adequately alleged non-germane activities presents a substantial ground for difference of opinion. Defendants argue this court "disregarded the Fifth Circuit's application of the Keller germaneness standard to bar journals and lobbying" and that in doing so, it "suggested there is conflict between the Fifth and Tenth Circuits as to the proper reach of the germaneness test." ECF No. 105 at 11. Defendants also argue that because Schell was initially issued before McDonald was decided, "there is no Tenth Circuit decision specifically addressing the issues raised in this motion." Id. at 11–12.

The court disagrees its ruling was "contrary to the rulings of all courts of appeals which have reached the issue," id. at 6, and that the Tenth Circuit neglected to weigh in on the relevant issue. The court finds the application of Keller's germaneness test to a First Amendment challenge to mandatory membership in a state bar organization is the relevant issue. See XTO Energy, 189 F. Supp. 3d at 1194. In Schell, the Tenth Circuit applied Keller's germaneness test

---

[4] Additionally, the court observes that whether speech in a forum is attributable is a fact-specific question more appropriate for resolution following the development of a factual record. See, e.g., Rosenberger v. Rector & Visitors of Univ. of Va., 515 U.S. 819, 827–28, 833 (1995); Shurtleff v. City of Boston, Mass., 142 S. Ct. 1583, 1589 (2022).

to consider journal articles a plaintiff-attorney alleged went beyond the permissible germane purposes of a bar association. It asked whether the plaintiff had plausibly alleged the journal articles "advance[d] non-germane, ideological position[s]" in considering whether the plaintiff had alleged activity that was not "germane to regulating the legal profession and improving the quality of legal services in the state." Schell, 4 F.4th at 1194. In conducting this analysis, the Tenth Circuit considered whether the articles addressed topics that "break along political lines" or advanced policies in a way that went beyond the recognized germane purposes of a state bar. Id. This court hewed to both Keller and Schell in evaluating the sufficiency of Ms. Pomeroy's allegations, and determining whether she had adequately alleged non-germane activities on the part of the Utah State Bar. In specifically addressing the germaneness of the alleged content of bar journal articles, it looked to Schell's analysis of whether articles discussed topics that went beyond the germane purposes of a state bar and broke along political lines and took ideological positions. In doing so, the court noted that considering the articles available in the record before it—which had been unavailable in Schell—only further supported Ms. Pomeroy's allegations that she had adequately alleged non-germane activity. ECF No. 94 at 11–12.

As to the alleged non-germane lobbying activities, the court relied on Keller's formulation of the germaneness test and determined whether Ms. Pomeroy had alleged the state bar engaged in lobbying or legislative activities that went beyond "regulating the legal profession or the quality of legal services." Id. at 12. The court determined allegations concerning lobbying on a broad state tax on services and regulation of the attorney general—viewed in the light most favorable to Ms. Pomeroy—went beyond those boundaries. Id. at 12–13. In following Keller's formulation of the germaneness test, the court was not ruling "contrary to the rulings of all courts of appeals which have reached the issue," ECF No. 105 at 6, or even addressing a "novel and

7

difficult question[] of first impression," id. (quoting United States v. Intermountain Healthcare, Inc., No. 2:20-CV-00372-TC-CMR, 2022 WL 742693, at *1 (D. Utah Mar. 11, 2022)). Rather, it simply applied longstanding Supreme Court precedent and determined the adequacy of the allegations contained in Ms. Pomeroy's Complaint under the governing standard.[5]

Lastly, even if there were a substantial ground for difference of opinion, the court is not convinced immediate appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendants argue the most "salient reason to certify the Order for immediate interlocutory appeal relates to the relief Pomeroy seeks," because Ms. Pomeroy seeks an injunction which would "needlessly create severe disruption if the case proceeds and Pomeroy is eventually granted injunctive relief on infirm legal grounds." ECF No. 105 at 13. But the possibility of injunctive relief or the harm that may result from it is not part of the § 1292(b) standard.[6] Defendants additionally assert that a legal determination of the germaneness standard would cause all claims in the case to be dismissed "if the Tenth Circuit adopts the Fifth Circuit's test for germaneness." ECF No. 105 at 14. Put another way, the Tenth Circuit would have to agree with Defendants that under their interpretation of the Fifth Circuit's test, neither the

---

[5] See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009) (outlining facial plausibility standard under Rule 8). Moreover, in following Keller and Schell—which are binding on this court—and not relying on the non-binding McDonald decision, the court did not mean to suggest a split between the Fifth and Tenth Circuits. McDonald arose in a different procedural posture and accordingly was considering similar issues using a different legal standard and on a full record with different facts. In finding McDonald less persuasive at the motion to dismiss stage, the court did not mean to suggest the existence of a circuit split or even state it disagreed with the analysis in McDonald. It was simply applying the binding authority of the Supreme Court and Tenth Circuit in determining the facial sufficiency of the Complaint. Similarly, the court is not persuaded by Defendants' supplemental authority of a district court decision within the Fifth Circuit following McDonald. See ECF No. 117. But it is also not persuaded by Ms. Pomeroy's argument that the Notice of Supplemental Authority should be disregarded and struck. ECF No. 118; see Blackmore v. Carlson, 574 F. Supp. 3d 1012, 1022 n. 12 (D. Utah 2021) (permitting both a Supplemental Authority Notice and the Response to that Notice where the Response was not "similarly limited" as required by the Rule and contained argument); Shivwits Band of Paiute Indians v. Borchardt-Slayton, No. 4:20-CV-00009 DN, 2021 WL 4307129, at *8 (D. Utah Jan. 6, 2021) (citing Comments to 2002 amendments to Fed. R. App. Proc. 28(j)) (noting the "difficulty of distinguishing" arguments from statements of reasons for submitting supplemental authority when applying similar section of Rule 28(j))).

[6] The court notes that in the event there is a final judgment in this case which includes the grant of injunctive relief, it would be inclined to stay the enforcement of any injunction pending appeal.

allegations concerning the *Utah Bar Journal* nor the allegations concerning lobbying activity sufficiently allege non-germane activities. Any other disposition would require the case to be remanded for further proceedings and discovery and accordingly not advance the termination of the litigation.[7] The court is not convinced that the mere possibility of the Tenth Circuit adopting a formulation of the germaneness test which entirely forecloses Ms. Pomeroy's claims merits the extraordinary relief of interlocutory appeal.

As a result, because Defendants have not shown that 28 U.S.C. § 1292(b) certification is appropriate, the court DENIES Defendants' Motion for Certification of Order for Appeal. Having denied the Motion for Certification, the court also DENIES Defendants' Motion for Stay as moot.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Certification of Order for Appeal Pursuant to 28 U.S.C. § 1292(b) and for Stay, ECF No. 105, is DENIED.

SO ORDERED this 29 day of August, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[7] Defendants also assert that interlocutory review "may also advance the termination of related litigation in Oklahoma, where the *Schell* matter is currently underway on remand." ECF No. 105 at 14. The court is aware of no case law holding that the § 1292(b) determination can or should be made with reference to separate litigation pending before another court.